

# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
STEPHEN R. HANSON II
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Stephen.Hanson@usdoj.gov
*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>$37,050.00 IN UNITED STATES CURRENCY,<br><br>　　　　Defendant. | 2:21-CV-1937-CDS-BNW [1]<br><br>FILED UNDER SEAL UNDER COURT ORDER (ECF No. 4)<br><br>Sealed Motion to Extend the Time to File a Civil Complaint for Forfeiture In Rem of the Property<br><br>(Third Request) |

　　　　The United States of America requests that this Court extend the time for the United States to file a civil complaint for forfeiture in rem of $37,050.00 in United States Currency (Property) pursuant to LR IA 6-1 and 18 U.S.C. § 983(a)(3)(A). The government seeks a 90-day extension of its CAFRA deadline, to and including October 23, 2022. This is the third request.

　　　　The original deadline to file a complaint for the Property was October 27, 2021, and was continued to April 25, 2022, and July 25, 2022. The property was seized on or around May 5, 2021, from putative Claimant Juan Manuel Galindo-Murrillo during a criminal investigation.

　　　　The ground for this Motion, which is good cause (ongoing negotiations, change in representation, and ongoing investigation), justifies extending the period of time for filing a civil complaint for forfeiture in rem under 18 U.S.C. § 983(a)(3)(A).

　　　　This Motion is supported by the Declaration of Donald Snyder attached hereto and the following Memorandum of Points and Authorities.

---

[1] Counsel is reminded that, pursuant to ECF No. 7, this case was reassigned to Judge Cristina D. Silva. All documents must bear the correct case number 2:21-cv-01937-CDS-BNW.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Statement of Facts

On or about May 5, 2021, $37,050 in United States currency was seized during a criminal investigation from putative Claimant in Clark County, Nevada.

The $37,050 was subject to administrative summary forfeiture proceedings; however, putative Claimant filed an administrative claim on or about July 29, 2021, for the property. The government had been engaged in settlement negotiations with putative Claimant via putative Claimant's counsel John Turco. But on July 7, 2022, attorney Turco sent a letter notifying the government that he was no longer representing putative Claimant and that putative Claimant will be proceeding pro se in this case.

After attorney Turco advised the government that he no longer represents putative Claimant, the Civil Division of the U.S. Attorney's Office discovered that on June 17, 2022, after judgment had been entered in his criminal case, putative Claimant filed a pro se Motion for Return of Property in his criminal case seeking the return of the $37,050 under Fed. R. Crim. P. 41(g).  (ECF No. 44 in Criminal Case No. 2:21-cr-00141-JCM-VCF.)

### II.     Argument

#### A.      Good Cause for Extension

This Court should grant this application for an extension of time to file a civil complaint for forfeiture in rem of the $37,050 because the government can show good cause for an extension. 18 U.S.C. § 983(a)(3)(A).

> [T]he Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims . . . , a court in the district in which a complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

18 U.S.C. § 983(a)(3)(A) (brackets and ellipsis added).

A district court has the authority under 18 U.S.C. § 983(a)(3)(A) to extend the period of time to file a civil complaint for forfeiture in rem for good cause. The government can demonstrate good cause in this Motion.

/ / /

The parties were engaged in settlement negotiations via putative Claimant's former counsel up until July 7 when attorney Turco informed the government that he is no longer representing putative Claimant in this case. Proceeding with this civil matter could prove a wasteful expenditure of the Court's and parties' resources until the government can discuss the settlement directly with putative Claimant, who is now pro se. Putative Claimant is currently incarcerated at FCI Herlong in Herlong, California, and for that reason it may take some time to communicate with him.

In addition, the Drug Enforcement Administration (DEA) is continuing its investigation of the proceeds in this case. (Declaration of DEA Special Agent Donald Snyder.) The DEA has requested employment records from the Nevada Department of Employment, Training and Rehabilitation (DETR) to confirm putative Claimant's employment. (*Id.* p. 6.) The DEA has not yet received the requested information from DETR. (*Id.*)

Based on putative Claimant's newly changed representation status, the parties' previous settlement discussions, and the ongoing investigation by the DEA, the government asks this Court to grant its Motion pursuant to 18 U.S.C. § 983(a)(3)(A) and extend the time for the United States to file a civil complaint for forfeiture in rem to and including October 23, 2022. This Application is not submitted solely for the purpose of delay or for any other improper purpose.

B.  **Due Process**

The Fifth Amendment Due Process Clause of the United States Constitution does not violate in this civil forfeiture in rem action. In *United States v. $8,850*, 461 U.S. 555, 567 (1983), the government delayed filing a civil forfeiture in rem action against the $8,850 for 18 months. The four-part balancing test of *Barker v. Wingo*, 407 U.S. 514, 530-35 (1972) was adopted and applied to determine the Fifth Amendment Due Process Clause was not

/ / /

/ / /

/ / /

3

violated. In *$8,850*, Vasquez argued the government's delay in filing a civil forfeiture action "violated her due process right to a hearing at a meaningful" time.[1]

The four-part *Barker* test weighs the "length of delay, the reason for the delay, the [claimant's] assertion of his right, and prejudice to the [claimant]."[2] The Court explained "due process is flexible and calls for such procedural protections as the particular situation demands."[3] The flexible *Barker* analysis is "an appropriate inquiry for determining whether the flexible requirements of due process have been met."[4] "[N]one of these factors is a necessary or sufficient condition for finding unreasonable delay."[5] "[T]hese elements are guides in balancing the interests of the claimant and the Government to assess whether the basic due process requirement of fairness has been satisfied in a particular case."[6]

The first element or the triggering event is the length of the delay. No set time of delay is presumptively improper. It depends on each case's facts and circumstances. Longer delays need more justification than shorter delays for the Fifth Amendment Due Process.[7]

In this case, the DEA seized the $37,050 on May 5, 2021. Since the seizure to today, the length of delay is approximately 14 months. But putative Claimant previously consented to nine months' worth of extensions of the CAFRA deadline via his former counsel, so those extensions should not count against the government.

The second element is the government's justification for the delay.[8] Some of the facts under this part are the time to investigate and to avoid burdensome and unnecessary judicial forfeitures.[9] The government's diligence pursuing the civil investigation is an additional factor in this second element.[10] The DEA is diligently investigating the facts of this case and is currently waiting for requested records from DETR. (Declaration of Donald Snyder.)

---

[1] *$8,850*, 461 U.S. at 562. (quotation marks omitted) (quoting *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).
[2] *$8,850*, 461 U.S. at 564 (brackets added).
[3] *Id*. (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).
[4] *$8,850*, 461 U.S. at 564-65.
[5] *Id*. at 565 (brackets added).
[6] *Id* (brackets added).
[7] *Id*.
[8] *Id*.
[9] *Id*. at 565-67.
[10] *Id*. at 567-58.

4

Putative Claimant's recent change in representation status also requires additional time for the government to contact him directly regarding negotiations for a resolution of this case. The additional three months of delay is not long.

The third element "is the claimant's assertion of the right to a judicial hearing."[11] The claimant in the civil case must take legal steps to pursue the return of the money.[12] Putative Claimant has requested a judicial hearing, moving it from administrative forfeiture to judicial forfeiture.

The fourth "element is whether the claimant has been prejudiced by the delay."[13] "The primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence."[14] "Such prejudice could be a weighty factor indicating that the delay was unreasonable."[15]

There is no indication that putative Claimant's defense will be hampered by an additional three-month delay. There is no indication that witnesses or other evidence will be lost by an additional three-month delay.

In *Barker*, the United States Supreme Court held that "well over" a 5-year delay with only seven months of "strong" justification did not violate a constitutional protection.[16]

When applying these four elements, the Ninth Circuit Court has found that delays did not violate the Due Process Clause of the Fifth Amendment.[17]

---

[11] *Id.* at 568.
[12] *Id.* at 569.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Barker*, 407 U.S. at 530-36.
[17] *United States v. Approximately $1.67 Million (U.S.) in Cash, Stock, & Other Valuable Assets*, 513 F.3d 991, 1000-02 (9th Cir. 2008) (holding a 58-month delay did not violate due process); *United States v. $292,888.04 in United States Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (holding a 30-month delay did not violate due process); *United States v. $874,938 U.S. Currency*, 999 F.2d 1323, 1325-26 (9th Cir. 1993) (holding an 11-month delay did not violate due process); *United States v. $47,980 in Canadian Currency*, 804 F.2d 1085, 1088-89 (9th Cir. 1986) (holding a 14-month delay did not violate due process), *cert. denied*, 481 U.S. 1072 (1987); *United States v. 295 Ivory Carvings*, 726 F.2d 529, 531 (9th Cir. 1984) (holding a 19-month delay did not violate due process).

When applying the four-part balancing test, three of four, if not all four, elements of the *Barker* balancing analysis weigh in favor of the government. The government has caused no due process violation to putative Claimant, and this six-month extension will not and does not violate the Fifth Amendment Due Process Clause of the United States Constitution.

### C. Putative Claimant's Motion

If there are no criminal proceedings pending at the time of filing a motion under Fed. R. Crim. P. 41(g), the motion must be treated as a civil complaint governed by the Federal Rules of Civil Procedure. *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.*

Because putative Claimant filed his Fed. R. Crim. P. 41(g) motion after judgment was entered in his criminal case, the motion is treated as a civil complaint governed by the Federal Rules of Civil Procedure. Putative Claimant did not serve his Fed. R. Crim. P. 41(g) motion or a summons on the United States in accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(i). Unless putative Claimant serves the United States in accordance with the Federal Rules of Civil Procedure, there is no personal jurisdiction over the United States due to insufficient service of process. *Murphy Bros.*, 526 U.S. at 344; *see also* Fed. R. Crim. P. 12(b)(2), (4)-(5).

### III. Conclusion

This Court should grant an extension of time to and including October 23, 2022, for the United States to file a civil complaint for forfeiture in rem of the $37,050 because the request for the extension is supported by good cause. Further, this Court should toll the

time for purposes of constitutional theories of relief (such as Due Process), the statute of limitations, and equitable theories of relief (such as latches).

Dated this 18th day of July 2022.

                                          Respectfully submitted,

                                          JASON M. FRIERSON
                                          United States Attorney

                                          */s/ Stephen R. Hanson II*
                                          STEPHEN R. HANSON II
                                          Assistant United States Attorney

                                          IT IS SO ORDERED:

                                          _____
                                          CRISTINA D. SILVA
                                          UNITED STATES DISTRICT JUDGE

                                          DATED: __July 27, 2022_____



# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

<pre>
 1  JASON M. FRIERSON
    United States Attorney
 2  Nevada Bar No. 7709
    STEPHEN R. HANSON II
 3  Assistant United States Attorney
    501 Las Vegas Boulevard South, Suite 1100
 4  Las Vegas, Nevada 89101
    (702) 388-6336
 5  Stephen.Hanson@usdoj.gov
    Attorneys for the United States
 6
 7
 8              UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA
 9
</pre>

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-CV-1937-RFB-BNW |
| Plaintiff, | **Index of Exhibit** |
| v. | |
| $37,050.00 IN UNITED STATES CURRENCY, | |
| Defendant. | |

Exhibit 1 .............................................................................. Declaration of Donald Snyder

1  Exhibit 1 - Declaration of Donald Snyder

28  Exhibit 1 - Declaration of Donald Snyder

## DECLARATION OF DRUG ENFORCEMENT ADMINISTRATION, SPECIAL AGENT DONALD JOHN SNYDER FOR AN EXTENSION OF TIME OF THE CAFRA DEADLINE

I, **Donald John Snyder**, under 28 U.S.C. § 1746(2), state the following:

I, Donald John Snyder, am a Special Agent (SA)/Criminal Investigator with the Drug Enforcement Administration (DEA) out of the Las Vegas District Field Office (LVDO). I have been so employed with the DEA since September 2019. I graduated DEA Basic Agent Academy in July 2020 and have worked in multiple narcotics groups during this time to include Diversion and Regional Offender Drug Enforcement Task Force groups. I am currently assigned to LVDO Enforcement Group 4 which is comprised of DEA Special Agents and Las Vegas Metropolitan Police Task Force Officers.

My training with the DEA includes approximately seventeen (17) weeks of specialized special agent drug investigative training at the FBI/DEA Training Facility located on the Quantico Marine Corps Base in Quantico, Virginia. The special agent training curriculum included, but not limited to, the following: drug identification; law enforcement investigative techniques; Search and Seizure; surveillance; undercover controlled purchases; confidential source handling; Controlled Substances Act violations; other various crimes arising from drug trafficking; utilization of various data bases (law enforcement and open source); law enforcement tactics; firearms training; defensive driving; and defensive measures. I have also received specialized instruction in highway interdiction, hotel interdiction, airport interdiction, parcel interdiction, and basic cyber investigations.

Before my employment with the DEA, I worked for the Department of Homeland Security (DHS)/Transportation Security Administration (TSA) as a Federal Air Marshal (FAM) in the Newark, NJ, Field Office for eight and a half (8 1/2) years. During this time, I

1

received specialized training in global terrorism, counterterrorism, defensive measures, aircraft specific tactics, counter surveillance, firearms training, and explosives identification.

**CASE SUMMARY**

An illicit narcotics buy-program originated in February of 2021 and concluded on May 5th with GALINDO-MURRILLO's arrest. During the course of the investigation, the DEA, through use of an undercover (UC) task force officer, made multiple controlled purchases of ounce-quantity heroin from GALINDO-MURRILO. The following is a timeline of UC purchase (dates, quantities and negotiated price), arrest, and search warrants:

1. BUY #1 – 02/25/21
   a. **HEROIN** Controlled UC Purchase of **EX. 1**
   b. **Approximately 2 ounces for $1,400.00**
2. BUY #2 – 03/15/21
   a. **HEROIN** Controlled UC Purchase of **EX. 2**
   b. **Approximately 4 ounces for $2,720.00**
3. BUY #3 – 04/19/21
   a. **HEROIN** Controlled UC Purchase of **EX. 3**
   b. **Approximately 5 ounces for $3,250.00**
4. ARREST – 05/05/21
   a. **EX. 4, EX. N-11 (Cash in wallet)**
   b. Two (2) packages wrapped in black tape each containing **HEROIN** wrapped in five (5) knotted clear plastic bags wrapped in cellophane with a gross weight of **approximately 339.5 grams**.
5. SEARCH WARRANT – 05/05/21
   a. **EX. 5, EX. N-11 (Cash in multiple locations at residence)**

  b. **HEROIN** in two (2) knotted clear plastic bags wrapped in cellophane with a gross weight of **approximately 81.6 grams**.

**INVESTIGATIVE FINDINGS**

  The following are exhibits of cash seized as a result of the arrest of GALINDO-MURRILLO and search warrant results of GALINDO-MURRILLO's residence located at 1401 North Lamb Boulevard, APT. 175, Las Vegas NV. 89110:

1. Exhibit N-11:
    a. Further described as an undetermined amount of United States Currency (later determined to be $37,050.00 USD) preserved in DEA evidence bag's **EM000007829, EM000007830, EM000007831, EM000007832** and **EM000007833**.

  Exhibit N-11 was located in GALINDO-MURRILLO's wallet search incident to arrest for an outstanding arrest warrant issued out of US District Court, District of Nevada, Case 2:21-MJ-00380-VCF. At the time of the arrest GALINDO-MURRILLO was at Z's Supermarket, 4740 East Owens Avenue, LV, NV, 89110, to meet with a UC and exchange 10 ounces of heroin for $6000.00. At the time of arrest GALINDO-MURRILLO was in possession of 339.5 gross grams of heroin.

  After the arrest members of the SNDTF executed a Federal Search Warrant, Case Number 2:21-MJ-00381-VCF, at GALINDO-MURRILLO's residence, 1401 North Lamb Blvd, apartment 175, Las Vegas, NV, 89110, a two-bedroom apartment. GALINDO-MURRILLO is the subscriber for NV Energy at the address and has registered his vehicles to the residence. During the service of the search warrant members of the SNDTF recovered approximately 81.6 gross grams of heroin (**Exhibit 5**) as well as an undetermined amount of

US Currency (**Exhibit N- 11**). Exhibit 5 was located in the northeast bedroom of the residence in a green thermos on the closet shelf. Exhibit N-11, the US Currency, was located in **four (4) locations**, all of which were in the northeast bedroom of the residence:

  a. **EM000007833** located on the floor in between the bed and the east wall of the residence in a plastic "Shein" bag and consisted of three individual rubber banded bundles of US Currency;

  b. **EM000007832** located in a dresser drawer and wrapped in a multi-color blue shirt with one rubber banded bundle of US Currency;

  c. **EM000007831** located in a leather cellular telephone case on the shelf of the closet with one rubber banded bundle of US Currency with a note marked "4500";

  d. **EM000007830** located in a Cricket cellular telephone box on the shelf of the closet containing numerous bundles of US Currency.

[*Photos of Exhibit 5 and Exhibit N-11 were captured while in their original location and entered into evidence.*]

GALINDO-MURRILLO resides with Yeny Del Carmen CARRILLO RODRIGUEZ, 02/20/1979, and four children, ages 13, 11, 10 and 6. At the time of the search the children were on scene with a family member, Julio Cesar ANGULO RUIZ, 12/04/1975, address and phone number not provided. A NCIC check of CARRILLO RODRIZUEZ and ANGULO RUIZ reveled negative results.

**FUTURE INVESTIGATIVE ACTION**

Over the course of the investigation GALINDO-MURRILLO sold approximately **383.7 gross grams of heroin to the UC for $7370.00**.

4

On May 19th, 2021, TFO Glowinski relinquished Exhibit N-11 to Pam McCullough at Loomis Armored, who counted the currency and deposited it under **CATS ID #21-DEA678447** as witnessed by TFO Peacock.

As a result of the investigation, GALINDO-MURRILLO plead GUILTY to federal narcotics charges on April 29, 2022 and was sentenced to 37 months in prison. GALINDO-MURRILLO is currently in Federal custody at the Nevada Southern Detention Center in Pahrump, NV.

On July 15, 2022, LVDO DEA Enforcement Group 4 conducted various records check on Juan GALINDO-MURRILO. The results of the records check revealed the following criminal history information:

1. NCIC
    a. 08/2008 –
        i. Entry of Alien at Improper Time or Place
        ii. Alien Inadmissibility
        iii. Transporting Aliens
    b. 04/2016 –
        i. Fraud and Misuse of Visas, Permits, and other Docs
        ii. Inspection of Immigration officer
        iii. Fraud and Related Activity in Connection with ID Docs
    c. 05/2021
        i. Narcotics Distribution (Pled: GUILTY; Sentenced to 37 months FED)
2. CBP
    a. 2016 –
        i. Expedited Removal/Deportation

    ii. Outstanding FINAL ORDER OF REMOVAL

 b. 2022 –

   i. Alien Status:

    1. Lacks legal immigration status.

    2. Individual Taxpayer Identification Number (ITIN) – results: **UKNOWN**

3. <u>Nevada Department of Employment, Training, and Rehabilitation</u> (DETR)

 a. Subpoena served 07/18/2022 to confirm employment records;

   i. Results: **PENDING**, [*NOTE: At the time of arrest GALINDO-MURRILLO claimed to be employed at Gentry Equipment in Las Vegas, NV. GALINDO-MURRILLO has been previously arrested for Immigration violations.*]

Enforcement Group 4 has requested DETR records for GALINDO-MURRILLO and those records are PENDING.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 18, 2022.

        */s/ Donald John Snyder*
        Donald John Snyder
        Special Agent, DEA